**Benjamin STEIN et al., Appellants,**

v.

**Morris BENADERET et al., Appellees.**

**No. 11834.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 1954.

See also 109 F.Supp. 364.

Paul Marco, Detroit, Mich., George E. Frost, Chicago, Ill., Max R. Kraus, Chicago, Ill., for appellants.

Max H. Horwood, Detroit, Mich., Robert L. Kahn, Chicago, Ill., for appellees.

PER CURIAM.

Proceedings in the above cause having been stayed by our order, pending a Supreme Court decision in Mazer v. Stein, No. 228, and following a decision of the Supreme Court in the Mazer case which affirmed the judgment of the Court of Appeals for the Fourth Circuit on March 8, 1954, 204 F.2d 472, a petition was presented by the appellants praying that the judgment in the present cause should be reversed and the District Court be required to enter judgment for the appellants in accordance with the Mazer decision in the Supreme Court. 347 U.S. 201, 74 S.Ct. 460. We entered an order on June 4, 1954 directing that the consideration of a petition for judgment be postponed until the hearing on the merits.

It now appears by a stipulation filed in the above cause that the parties have settled their differences and have agreed upon a form of judgment to be entered in the District Court.

It is hereby ordered that the cause be remanded to the United States Court for the Eastern District of Michigan, Southern Division, and that a judgment be there entered in the following form:

The Supreme Court of the United States in the case of Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, decided on March 8, 1954, having held that statuettes of the kind involved in the present cause are copyrightable even though intended for use as lamp bases, which decision is contrary to the decision of this court in the present cause; and,

The parties consenting to the entry of this judgment, it is hereby

Ordered, adjudged and decreed:

1. That the decision of this Court on December 23, 1952, and the judgment of January 19, 1953, entered in this cause, be, and they hereby are, vacated and set aside.

2. That the copyrights listed in Paragraph 1–5 of the Amended Complaint filed June 5, 1952, are good and valid in law.

3. That the Defendants, Morris Benaderet and Saul Benaderet have infringed said copyrights.

4. That a writ of injunction issue herein strictly commanding and enjoining the Defendants, Morris Benaderet and Saul Benaderet, their privies and officers, agents, attorneys, servants, employees and associates, and each and ev-

ery of them, forthwith and for the remainder of the terms of said copyrights, to desist and refrain directly and indirectly from making or causing to be made, vending or causing to be vended any infringements of said copyrights.

5. That a settlement having been made and Plaintiffs having received full payment thereon in lieu of an accounting of profits, gains and advantages derived by the Defendants from said infringement and for damages to Plaintiffs as well as costs, attorney fees, and all recoveries of whatsoever nature due and recoverable by Plaintiffs, these Defendants, Morris Benaderet and Saul Benaderet are hereby released and discharged from any and all the aforementioned claims, and that the same are hereby decreed to be fully satisfied.